E-filing

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:  (949) 553-1010
Facsimile:  (949) 553-2050
jal@gauntlettlaw.com
ams@gauntlettlaw.com

Attorneys for Plaintiff
Michael Taylor Designs, Inc.

ORIGINAL FILED
JUN - 2 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TAYLOR DESIGNS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendant. | Case No.:<br>Hon. **C10-02432**<br><br>**COMPLAINT FOR:**<br><br>(1) DECLARATORY JUDGMENT; AND (2) BREACH OF CONTRACT |

MEJ

168169.1-10571-001-6/1/2010

COMPLAINT

Plaintiff Michael Taylor Designs, Inc. seeks declaratory relief and damages from Defendant Travelers Property Casualty Company of America for breach of contract.

**THE PARTIES**

1. Plaintiff Michael Taylor Designs, Inc. ("MTD") is a corporation organized under the laws of the State of California with its principal place of business located in San Francisco, California.

2. Defendant Travelers Property Casualty Company of America ("Travelers") is a Minnesota corporation with its principal place of business located in Hartford, Connecticut.

**JURISDICTION**

3. This is an action for declaratory relief and breach of contract pursuant to 28 U.S.C. § 2201. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between MTD and Travelers and more than $75,000 is in controversy in this action.

4. This Court has personal jurisdiction over Travelers because it (a) transacts substantial business in the State of California, including San Francisco, and (b) contracted to insure risks resulting from acts that occurred within this district.

**VENUE AND APPLICABLE LAW**

5. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(a) and (c) because MTD maintained its principal place of business in San Francisco, California during all times relevant to this action.

6. Venue is also proper in this district because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district. This complaint concerns a contract for liability insurance sold by Travelers to MTD created in the Northern District where Travelers actively sells insurance policies and where MTD received the pertinent policy.

7. Venue is also proper in this district because this is an insurance coverage suit seeking determination of the defendant's duty to defend and its breach of the duty to defend the plaintiff in a suit pending in this court.

8. The substantive rights of the parties are governed by the law of California because the

1  contract at issue in this case was executed in California, there is no evidence that the parties did not
2  intend to contract pursuant to the laws of the state of California, the underlying claim arises in
3  California, and the policies and interests of California would be most seriously impaired if it laws
4  were not applied.  Moreover, the performance required by this policy, the performance of attorneys'
5  defense services, occurred within the Northern District of California.

## TRAVELERS' POLICY

9. Travelers issued to MTD a commercial general liability insurance policy ("Policy"), No. Y-630-0797C933-TIL-07 for the period spanning September 14, 2007 through September 14, 2008.  A copy of the relevant parts of the policy is attached as **Exhibit "1."**  The policy states in pertinent part:

> **COVERAGE B.   PERSONAL INJURY, ADVERTISING INJURY AND WEB SITE INJURY LIABILITY**
> **1.   Insuring Agreement**
> **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" . . . to which this insurance applies.  **We will have the right and duty to defend** the insured against any "suit" seeking those damages.
>          . . . .
> **b.**   This insurance applies to:
>    (1)   "**Personal injury**" **caused by an offense arising out of your business**, excluding advertising, publishing, broadcasting or telecasting done by or for you.
>          . . . .
> "Personal injury" means injury, other than "bodily injury," arising from one or more of the following offenses:
>          . . . .
>          **d**.   Oral, written or electronic **publication of material that** slanders or libels a person or organization or **disparages a person's or organization's goods, products or** services, provided the claim is made or "suit" is brought by a person or **organization** that claims to have been slandered or libeled, or **whose goods, products or services have allegedly been disparaged** : . . (emphasis added)

## THE UNDERLYING *ROSEQUIST* SUIT

Ivy Rosequist ("Rosequist"), doing business as Wicker-Wicker-Wicker ("Wicker"), filed the suit against MTD on March 31, 2008 in litigation styled *Ivy Rosequist, individually and doing business as Wicker-Wicker-Wicker v. Michael Taylor Designs, Inc.*, Northern District of California, Case No. 08-1588-SBA ("the *Rosequist* action").  A copy of the original complaint ("Complaint") is attached as **Exhibit "2."**  The Complaint states in pertinent part:

> 27.  **The promotional materials widely circulated by [MTD] for the patrons of Westweek includes (sic) photographs of Wicker-Wicker-Wicker's actual furniture (which [MTD] has removed from its showroom and is no longer selling), compounding the high risk that customers will visit [MTD] looking for Wicker-Wicker-Wicker's furniture, only to be unknowingly steered instead to cheap imitation knockoffs.**
>
> . . .
>
> 32.  Plaintiff's furniture designs have acquired a secondary meaning, in that knowledgeable customers associate the overall design and visual elements of [the above-identified furniture] and recognize that these furniture pieces have their origin with Wicker-Wicker-Wicker.
>
> 33.  **Customers are likely to be confused and will naturally assume that the knock-offs currently being displayed in [MTD's] showrooms are plaintiff's products.**
>
> . . .
>
> 36.  Defendant's action, unless enjoined, will cause irreparable harm and injury to plaintiff and to consumers, in that **it will substantially dilute and tarnish plaintiff's established trade dress and mislead consumers about the true origins and nature of the cheap synthetic knock-offs**.

(emphasis added).

10. Ivy Rosequist died on May 29, 2008 and William Giffen ("Giffen) was substituted as the lawsuit's new plaintiff by stipulation and order entered on February 23, 2009.

11. Giffen filed a first amended complaint ("FAC") in the *Rosequist* action on October 21, 2009. The suit was restyled as *William Giffen, an individual and successor-in-interest to Ivy Rosequist, individually and doing business as Wicker-Wicker-Wicker v. Michael Taylor Designs, Inc.*, Northern District of California, Case No. 08-1588-SBA. A copy of the FAC is attached as **Exhibit "3."**

12. Travelers had a duty to defend the *Rosequist* action from the first notice of that suit under its "personal injury" offense of "disparagement," the "oral, written or electronic publication of material that . . . disparages a person's or organization's goods, products or services . . .," because the Complaint allegations and extrinsic facts triggering the duty to defend.

13. Travelers acknowledged its duty to defend only after the FAC was filed but the FAC did not allege any new or different facts that were not know by or available to Travelers from the date of the first notice.

14. Because Travelers refused and failed to defend the *Rosequist* action from the first

notice of that suit, MTD was required to retain and pay for its own defense counsel until nearly eighteen months later when Travelers finally appointed counsel to defend.

15. Travelers breached it duty to defend and cause damages to MTD.

**MTD'S CLAIM FOR COVERAGE AND TRAVELERS' FAILURE TO DEFEND**

16. MTD forwarded a copy of the original complaint ("Complaint") in the *Rosequist* action to Travelers on March 31, 2008.

17. Travelers denied MTD a defense by letter dated April 15, 2008. A copy of the letter is attached as **Exhibit "4."**

18. MTD retendered the *Rosequist* action by letter dated February 27, 2009 and requested that Travelers reconsider its position. A copy of MTD's retender letter is attached as **Exhibit "5."**

19. Despite several attempts by MTD to obtain a response from Travelers regarding the retender, Travelers did not respond to MTD's request for a defense of the *Rosequist* suit. Attached as **Exhibit "6"** is MTD's March 18, 2009 follow-up letter and attached as **Exhibit "7"** is MTD's April 7, 2009 follow-up letter.

20. MTD then provided notice of the FAC on October 21, 2009, the same day the FAC was filed. A copy of MTD's tender letter is attached as **Exhibit "8."**

21. A copy of the executed FAC was sent to Travelers on October 23, 2009, attached herein as **Exhibit "9."**

22. Travelers acknowledged receipt of the FAC on November 5, 2009. A copy of Travelers' acknowledgement letter is attached as **Exhibit "10."**

23. Travelers agreed to provide MTD a defense, only from the FAC notice date, under a reservation of rights, on December 15, 2009. A copy of the reservation of rights letter is attached as **Exhibit "11."**

24. In its December 15, 2009 letter Travelers appointed Ropers, Majeski, Kohn, and Bentley ("RMKB") as panel counsel to defend MTD in the *Rosequist* action. Travelers would only reimburse MTD's "reasonable and necessary expenses" from the FAC tender date through the period of time "reasonably necessary in order to transition defense to the Ropers firm."

25. Although Travelers has acknowledged its defense duty as of the FAC's tender date it

has denied its duty to defend the *Rosequist* suit from the date MTD first provided notice of the action to Travelers on March 31, 2008.

26. By refusing to pay MTD's defense expenses from the date of tender until the filing of the First Amended Complaint on October 21, 2009, as well as from the filing of the FAC until Travelers' appointment of counsel on January 12, 2010, Travelers breached its duty to defend MTD in the *Rosequist* action.

**FIRST CAUSE OF ACTION**
**Declaratory Relief – Duty to Defend**

27. MTD, by this reference, incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully alleged herein.

28. A valid contract existed between MTD and Travelers, namely the Policy.

29. MTD fully performed all of the obligations and conditions to be performed by it under the Policy or has been excused from performing same as a result of Travelers' breach of its duty to defend.

30. By issuing and delivering the Policy, Travelers agreed to provide a defense for suits seeking damages for "personal injury" offenses as defined in its Policy.

31. Travelers is obligated under the Policy to pay attorneys' fees and costs incurred in the defense of the *Rosequist* action from the date it was first notified of the Complaint on March 31, 2008. Travelers breached its duties to MTD by failing to provide a defense even though the Complaint expressly contained allegations, in addition to extrinsic facts available to Travelers that evidence MTD's disparagement of Wicker.

32. An actual bona fide controversy exists between MTD, on the one hand, and Travelers, on the other, that requires judicial declaration by this Court of the parties' rights and duties regarding Travelers' duty to defend MTD and as to the amount of defense expenses owed by Travelers.

**SECOND CAUSE OF ACTION**
**(Breach of Contract – Duty to Defend)**

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth

herein.

34. Travelers breached its duty to defend the *Rosequist* action by failing to provide a defense from the date it was first notified of the Complaint on March 31, 2008.

35. As a direct and proximate result of Travelers' breach, MTD suffered damages and is entitled to damages in the form of unreimbursed attorneys' fees, plus pre-judgment interest thereon from the date of each invoice at the legal rate of 10% (pursuant to Calif. Civil Code § 3287(a)).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MTD prays for judgment against Defendant Travelers as follows:

1. That the Court issue judgment declaring Travelers had a duty to defend MTD under the Commercial General Liability policy it issued to MTD against claims asserted in the *Rosequist* action from the date MTD first provided notice of the Complaint on March 31, 2008 until appointment of its own counsel on January 12, 2010;

2. That the Court issue judgment declaring Travelers breached its duty to defend MTD and must promptly pay to MTD all unreimbursed attorneys' fees and costs incurred by MTD, from March 31, 2008 until appointment of its own counsel on January 12, 2010, in defense of the claims asserted in the *Rosequist* action, with pre-judgment interest accruing thereon from the date of each invoice at the legal rate of 10% per annum;

3. For costs of suit herein; and

4. For such other and further relief as this Court may deem just and proper.

Dated: June 1, 2010

GAUNTLETT & ASSOCIATES

By: _____
David A. Gauntlett
James A. Lowe
Andrew M. Sussman

Attorneys for Plaintiff
Michael Taylor Designs, Inc.

**EXHIBITS TO COMPLAINT**

| | |
|---|---|
| **EXHIBIT 1 --** | CGL insurance policy for period 9/14/2007 through 9/14/2008 |
| **EXHIBIT 2 --** | *Rosequist* action Complaint, filed on 3/31/08 |
| **EXHIBIT 3 --** | *Rosequist* action First Amended Complaint, filed on 10/21/09 |
| **EXHIBIT 4 --** | Travelers 4/15/08 denial letter |
| **EXHIBIT 5 --** | MTD's 2/27/09 retender letter |
| **EXHIBIT 6 --** | MTD's 3/18/09 follow-up letter |
| **EXHIBIT 7 --** | MTD's 4/07/09 follow-up letter |
| **EXHIBIT 8 --** | MTD's 10/21/09 notice letter of the FAC |
| **EXHIBIT 9 --** | Executed FAC sent to Travelers on 10/23/09 |
| **EXHIBIT 10 --** | Travelers' 11/05/09 acknowledgment letter of receipt of FAC |
| **EXHIBIT 11 --** | Travelers' 12/15/09 reservation of rights letter |