**\*\*E-filed 2/7/2011\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL TAYLOR DESIGNS, INC., | No. C 10-2432 RS |
| Plaintiff, | |
| v. | **ORDER RE PENDING MOTION FOR DETERMINATION OF ATTORNEY FEE CLAIM** |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Defendant. | |
| _____/ | |

On January 20, 2011, an order entered that, among other things, granted partial summary judgment in favor of plaintiff on its claim that it was entitled to a defense in the underlying action from the date it tendered the original complaint. Plaintiff has now filed an additional motion for summary judgment seeking a determination that the fees its counsel invoiced in the underlying action were reasonable and that it is entitled to recover those amounts, plus interest. Were the motion treated under the provisions of Rule 56 of the Federal Rules of Civil Procedure, it likely would take little for defendant to establish the existence of a triable issue of fact as to the reasonableness of the fee claim. Nevertheless, it does appear appropriate to adjudicate the amount

of recoverable fees based on declarations, briefing, and potentially oral argument, rather than through an evidentiary hearing.

While defendant presumably disagrees with the conclusion that it was obligated to provide a defense from the outset, there may or may not be substantial difference in the parties positions as to the amount of fees that plaintiff may recover in light of the January 20, 2011 order. Accordingly, the hearing on plaintiff's present motion is hereby continued to April 7, 2011, with the deadline for any opposition extended accordingly. As promptly as practicable the parties shall engage in meet and confer negotiations for the purpose of attempting to resolve, or at least narrow, any disputes they may have regarding the fee claim. *See* Civil Local Rule 54-5 (imposing a meet and confer requirement for post-judgment attorney fee motions).

In conducting such negotiations the parties should bear in mind the following considerations.

1. The January 20, 2011 order asserted that defendant is entitled to the benefit of California Civil Code §2860 as to fees incurred after October 21, 2009, and noted that defendant had advised plaintiff of its intent to rely on that section when it acknowledged receipt of the amended complaint.

2. The January 20, 2011 order also noted that an argument could be made that defendant's right to rely on §2860 should not be deemed to have arisen at least until it notified plaintiff that it was accepting the responsibility of providing a defense, rather than retroactively to October 21, 2009.

3. Ultimately, the January 20, 2011 order held only that plaintiff had failed to meet its burden to show that defendant could not rely on §2860 at all. Accordingly, although the prior order carries certain implications, the issue of when, if ever, defendants' right to rely on §2860 arose has not been definitively adjudicated yet.

4. Plaintiff's argument that an insurer's right to rely on §2860 does not arise until it actually provides counsel that assumes responsibility for the case may or may not ultimately prove persuasive. While plaintiff may be correct that promising to provide a defense is not equivalent to doing so, the countervailing consideration is that once the insurer has agreed to provide a defense, it

has assumed the risk of any harm that might result if no counsel is actively representing the insured in any ongoing litigation activity that needs immediate attention.

IT IS SO ORDERED.

Dated: 2/4/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE