**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sdma.com
MATTHEW C. LOVELL  Bar No. 189728
matthew.lovell@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone:    (415) 781-7900
Facsimile:    (415) 781-2635

Attorneys for Defendant TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
ams@gauntlettlaw.com

Attorneys for Plaintiff MICHAEL TAYLOR DESIGNS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TAYLOR DESIGNS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendant. | CASE NO. C10-02432-RS<br><br>**STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT**<br><br>Judge:    Hon. Richard Seeborg<br>Court:    Courtroom 3, 17th Floor |

\\\

\\\

\\\

Plaintiff Michael Taylor Designs, Inc. ("MTD") and defendant Travelers Property Casualty Company of America ("Travelers") (collectively, "the Parties"), by and through their attorneys of record, jointly stipulate as follows:

WHEREAS, on January 20, 2011, the Court entered an order granting in part MTD's motion for partial summary judgment and denying Travelers' cross-motion for partial summary judgment, finding that Travelers had a duty to defend MTD in the matter *Rosequist v. Michael Taylor Designs, Inc.*, U.S.D.C. (N.D. Cal.) Case No. C 08-1588 SBA ("the *Rosequist* action") that arose upon MTD's tender of the original *Rosequist* complaint to Travelers (ECF No. 38) ("the Duty to Defend Order," a true and correct copy of which is attached as Exhibit A and incorporated herein by reference);

WHEREAS, the Duty to Defend Order did not resolve all of the issues pending in this action, as the issue of the amount of damages, if any, MTD is entitled to recover from Travelers remains unadjudicated, and hence it is premature for the Court to enter a judgment from which an appeal to the United States Court of Appeals for the Ninth Circuit may be taken;

WHEREAS, a final appealable judgment may be entered only after the issue of damages has been adjudicated;

WHEREAS, absent a stipulation, the amount of damages, if any, MTD is entitled to recover from Travelers must be decided on motion or, if genuine issues of material fact remain, by trial;

WHEREAS, in order to avoid the costs and inconvenience to the Parties and to the Court of a motion and/or trial on the issue of damages, the Parties have agreed that the amount of damages (inclusive of any and all claims of right to recover prejudgment interest) recoverable by MTD against Travelers shall be the amount of Two Hundred Ten Thousand and 00/100 Dollars ($210,000.00), with interest accruing thereon at a rate of Fifty and 00/100 Dollars ($50.00) per day from the date final judgment is entered by the Court until the date Travelers satisfies the entire stipulated judgment;

WHEREAS, the Parties agree that judgment should be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of MTD and against Travelers in the amount of Two Hundred Ten Thousand and 00/100 Dollars ($210,000.00), with interest accruing thereon at a rate

1  of Fifty and 00/100 Dollars ($50.00) per day from the date final judgment is entered by the Court
2  until the date Travelers satisfies the entire stipulated judgment, with the express recognition that
3  each of the Parties is expressly and explicitly reserving any and all of its rights to appeal the
4  judgment, as well as any and all portions of the Duty to Defend Order;
5       WHEREAS, consistent with *U.A. Local 342 Apprenticeship & Training Trust v. Babcock &*
6  *Wilcox Constr. Co., Inc.*, 396 F.3d 1056 at 1058 (9th Cir. 1986), and *Continental Ins. Co. v. Federal*
7  *Express Corp.*, 454 F.3d 951 at 954 (9th Cir. 2006) (in which the Ninth Circuit exercised
8  jurisdiction over the appeals of stipulated judgments which explicitly reserved the parties' rights of
9  appeal), the Parties intend that the stipulated judgment be deemed appealable in all respects within
10 the meaning of Rule 58 of the Federal Rules of Civil Procedure;
11      WHEREAS, the Parties agree that each Party shall bear its own costs and attorneys' fees
12 incurred in this action;
13      NOW, THEREFORE, THE PARTIES STIPULATE, AND REQUEST THE COURT TO
14 ENTER JUDGMENT, AS FOLLOWS:
15      1.    Judgment shall be entered forthwith in favor of plaintiff Michael Taylor Designs,
16 Inc., and against defendant Travelers Property Casualty Company of America ("Travelers") in the
17 amount of Two Hundred Ten Thousand and 00/100 Dollars ($210,000.00), plus interest accruing
18 thereon at a rate of Fifty and 00/100 Dollars ($50.00) per day from the date judgment is entered by
19 the Court, until Travelers satisfies the judgment;
20      2.    Judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil
21 Procedure, with the recognition that each of the Parties is expressly and explicitly reserving any
22 and all of its rights to appeal the judgment, as well as any and all portions of the Court's January
23 20, 2011 Order regarding the Parties' Cross-Motions for Summary Judgment (ECF No. 38);
24      3.    Consistent with *U.A. Local 342 Apprenticeship & Training Trust v. Babcock &*
25 *Wilcox Constr. Co., Inc.*, 396 F.3d 1056 at 1058 (9th Cir. 1986), and *Continental Ins. Co. v. Federal*
26 *Express Corp.*, 454 F.3d 951 at 954 (9th Cir. 2006), the judgment shall constitute an appealable
27 judgment in all respects within the meaning of Rule 58 of the Federal Rules of Civil Procedure;
28 \\\

4. Each Party shall bear its own costs and attorneys' fees incurred in the action.

IT IS SO STIPULATED.

DATED: March 25, 2011        SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:        */s/ Matthew C. Lovell*
        Bruce D. Celebrezze
        Matthew C. Lovell
        Attorneys for defendant Travelers Property
        Casualty Company of America

DATED: March 25, 2011        GAUNTLETT & ASSOCIATES


By:        */s/ Andrew M. Sussman*
        Andrew M. Sussman
        Attorneys for plaintiff Michael Taylor Designs, Inc.

## **ATTESTATION OF FILING**

Pursuant to General Order 45.X.B, I attest that I have obtained concurrence in the filing of this document from the parties listed above.

        /s/ *Matthew C. Lovell*
        Matthew C. Lovell

**[PROPOSED] ORDER**

IT IS ORDERED THAT JUDGMENT IN ACCORDANCE WITH THE FOREGOING STIPULATION SHALL BE ENTERED FORTHWITH.

PURSUANT TO SUCH STIPULATION, IT IS ORDERED THAT:

1. Judgment shall be entered forthwith in favor of plaintiff Michael Taylor Designs, Inc., and against defendant Travelers Property Casualty Company of America ("Travelers") in the amount of Two Hundred Ten Thousand and 00/100 Dollars ($210,000.00) (each party to bear its own costs and attorneys' fees), plus interest accruing thereon at a rate of Fifty and 00/100 Dollars ($50.00) per day from the date judgment is entered by the Court, until Travelers satisfies the judgment;

2. Judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, with the recognition that each of the Parties is expressly and explicitly reserving any and all of its rights to appeal the judgment, as well as any and all portions of the Court's January 20, 2011 Order regarding the Parties' Cross-Motions for Summary Judgment (ECF No. 38);

3. Consistent with *U.A. Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox Constr. Co., Inc.*, 396 F.3d 1056 at 1058 (9th Cir. 1986), and *Continental Ins. Co. v. Federal Express Corp.*, 454 F.3d 951 at 954 (9th Cir. 2006), the judgment shall constitute an appealable judgment in all respects within the meaning of Rule 58 of the Federal Rules of Civil Procedure;

4. Each Party shall bear its own costs and attorneys' fees incurred in the action.

DATED: __3/28/11_____, 2011

_____
HON. RICHARD G. SEEBORG
UNITED STATES DISTRICT JUDGE